# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| KEELY JONES | ) | CASE NO.: 5:19CV169 |
|---|---|---|
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **MEMORANDUM OPINION** |
| SUMMIT COUNTY JOB AND FAMILY SERVICES | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Keely Jones brings this action against Defendant Summit County Job and Family Services alleging age discrimination in employment and retaliation. Doc. 1 ("Complaint"). Also before the Court is Plaintiff's motion to proceed *in forma pauperis*, which is granted. Doc. 2.

For the reasons that follow, this case is dismissed.

**I. Background**

Plaintiff's allegations are sparse. Her two claims are stated in their entirety as follows:

> Claim 1 for age discrimination: Summit County Job & Family hired 23 year old with a BS in Political Science, 38 year old with BA in Accounting and and [sic] a 44 year old with a Certificate in Eschology [sic] with 15 years of Case Management Specialist 2 experience. I was terminated May 17, 2013 and the Summit County Employees Handbook Policies and Procedures book does not deny me for reapplying or being rehire [sic]. Claim 2 for retaliation: I filed an age, race discrimination and unfair labor charge on June 12, 2013 and was dismiss [sic] December 12, 2013.

Complaint at 5.

Attached to the Complaint is a charge Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on November 20, 2017, alleging that on November 9, 2017, she was not hired by Defendant as a Case Management Specialist II because of her age (58) and in retaliation for previously filing an EEOC charge of race and age discrimination and retaliation. Doc. 1-1 at 1. On August 14, 2018, Plaintiff filed another EEOC charge alleging that Defendant failed to hire her for a temporary Case Management Specialist 1 position because of her age and in retaliation for having filed the November 20, 2017 charge. *Id.* at 3. The EEOC issued a right to sue letter on October 29, 2018. *Id.* at 2. The Court will consider the attachments to the Complaint in determining whether Plaintiff states a plausible claim for relief. See Fed. R. Civ. P. 10(c).

Plaintiff asks the Court "to restore to be hired with front and back pay." Complaint at 6.

**II. Law and Analysis**

    **A. Standard of Review**

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.") (citations omitted).

**B. Analysis**

Even assuming for the purpose of this analysis that Plaintiff has exhausted her administrative remedies, she fails to state a plausible claim for relief with respect to her age discrimination and retaliation[1] claims.

Under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., it is unlawful for an employer to fail to hire an individual 40 years of age or older because of the individual's age. In the absence of direct evidence of age discrimination in a failure to hire case, such as in this action, a plaintiff must allege that: (1) she is over

---

[1] The Court notes that Plaintiff's retaliation claim in Count 2 states that Defendant terminated her in December 2013 in retaliation for having filed a charge of discrimination in June 2013. To the extent that Plaintiff is alleging a retaliation claim for events that occurred in 2013, that claim is dismissed. Even if Plaintiff timely filed an EEOC charge with respect to the adverse action alleged in 2013, she does not allege when she received a right to sue letter or claim that she filed this action within the time period permitted for filing a lawsuit in federal court as to the events in 2013. In the 2018 EEOC charge attached to the Complaint, Plaintiff alleges both that Defendant did not hire her as a case manager because of age discrimination and in retaliation for filing a 2017 EEOC charge. While not required to construct claims on behalf of a *pro se* litigant, in the spirit of "active interpretation" of the Complaint the Court will consider Plaintiff's 2018 retaliation claim alleged in the EEOC charge. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant," it does not require a court to conjure allegations on a litigant's behalf.) (citations omitted).

the age of 40, (2) she applied for and was qualified for the position; (3) she was considered for and denied the position; and (4) she was rejected in favor of a significantly younger person with similar or inferior qualifications. *George v. Youngstown State Univ.*, No. 4:17CV2322, 2019 WL 118601, at *7 (N.D. Ohio Jan. 7, 2019) (citing among authority *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000)). Regardless of whether the evidence is direct or circumstantial, a plaintiff alleging an ADEA claim must show that age was the "but for" cause of the employer's adverse action. *See Provenzano v. LCI Holdings, Inc*., 663 F.3d 806, 811 (6th Cir. 2011) (citation omitted).

"To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in protected activity; (2) that defendant knew of this exercise of her protected rights; (3) that defendant consequently took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and adverse employment action." *Balmer v. HCA, Inc.,* 423 F.3d 606, 613-14 (6th Cir. 2005), abrogated on other grounds by *Fox v. Vice*, 563 U.S. 826 (2011). With respect to the causal connection required in the fourth prong, Plaintiff must plausibly allege that the adverse action would not have been taken had she not engaged in protected activity. *Abbott v. Crown Motor Co., Inc,* 348 F.3d 537, 542 (6th Cir. 2003); *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000).

Under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), a plaintiff need not plead the elements of a prima facie case of employment discrimination in order to state a plausible claim. That said, *Swierkiewicz* did not change the law of pleading, and "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and

*Iqbal*." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448-49 (6th Cir. 2018) (citing *Keys v. Humana, Inc*., 684 F.3d 605, 609-10 (6th Cir. 2010)).

While Plaintiff is not required to include detailed factual allegations in order to state a plausible claim, she must provide more than an unadorned, the "defendant-unlawfully-harmed-me" accusation. *Iqbal*, 556 U.S. at 678. Here, Plaintiff's sparse factual allegations in the Complaint (and EEOC charges attached thereto) amount to no more than a conclusory claim that she was not hired by Defendant as a case manager because of her age and was retaliated against for filing an EEOC charge. Even under the liberal pleading standard afforded to *pro se* litigants, Plaintiff's allegations are insufficient to state a plausible claim for age discrimination or retaliation upon which relief may be granted, and this action is dismissed pursuant to § 1915(e)(2).

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted. Doc. 2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED. Date:

August 30, 2019        */s/ John R. Adams*
                       JUDGE JOHN R. ADAMS
                       UNITED STATES DISTRICT COURT